UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---

**SECURITIES AND EXCHANGE COMMISSION,**

           Plaintiff,

   v.

**ERIC A. McAFEE,**

           Defendant.

C.A. No. __-____

---

## COMPLAINT

Plaintiff Securities and Exchange Commission alleges as follows:

## SUMMARY

1. During 2003, Defendant Eric A. McAfee ("McAfee" or the "Defendant") aided and abetted a Houston-based company, Verdisys, Inc. ("Verdisys" or "the Company") (now known as Blast Energy Services, Inc.) in making inaccurate disclosures regarding its revenues and expenses in reports filed with the Securities and Exchange Commission.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action, and venue is proper, pursuant to Sections 21(d)(3) and 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(d)(3) and 78aa].

3. McAfee, directly or indirectly, made use of the means or instruments of transportation and communication, and the means or instrumentalities of interstate commerce, or of the mails, in connection with the acts and practices alleged herein. Certain of the acts and practices alleged herein took place in the Southern District of Texas.

**DEFENDANT**

4.      Eric A. McAfee, 42, of Saratoga, California, was Verdisys' CEO for five months from November 2002 to March 2003 (before it became publicly held in mid-2003), and a Verdisys director from late 2000 until his resignation in March 2004.  McAfee was and remains Verdisys' largest shareholder, owning approximately 28% of Verdisys' outstanding common stock, 2.8% directly and 25.6% beneficially through two venture capital firms and through family holdings.

**RELEVANT ENTITY**

5.      Verdisys, a California corporation with corporate headquarters in Houston, Texas, is primarily engaged in reworking existing oil and gas wells to renew or enhance production.  Verdisys also provides broadband satellite links for the remote control of oil and gas wells and related infrastructure.  Verdisys filed periodic and other reports with the SEC pursuant to Section 15(d) of the Exchange Act, and at all times relevant herein, its common stock (or the stock of a corporate predecessor) was quoted on the NASD's OTC BB.[1]

**FACTS**

6.      On September 24, 2003, Verdisys filed a Form 8-K with the Commission that included financial statements.  A footnote to the financial statements advised that in April 2003, Verdisys issued two million shares of common stock, valued at $1 million, ostensibly to acquire software, but that the software had been deemed useless, and Verdisys was therefore recording an impairment expense of $1 million.

---

[1]     References herein to Verdisys (the corporate name at the time of the violations discussed herein) shall mean and include Verdisys' predecessors and successors, including the privately-held corporate predecessor named Verdisys, Inc., and Reconstruction Data Group, Inc., a California corporation that had ceased business operations but which was still quoted on the OTC BB on May 2, 2003, when its pending reverse merger with the privately-held Verdisys was announced.  The merger became effective July 18, 2003, at which time shares in the privately-held corporation were exchanged for shares in Reconstruction Data, Inc., which was renamed Verdisys.  In June 2005, Verdisys changed its name to Blast Energy Services, Inc.

7. McAfee had convinced the Verdisys board to purchase the software by claiming it would allow the remote monitoring of oil and gas wells, which would complement Verdisys' sales of broadband satellite links to oil and gas companies. McAfee controlled the company selling the software, and he knew that the software only screened job applications and resumes of health care executives and did not monitor conditions in oil and gas wells. McAfee did not tell the company's directors that the transaction compensated a stock promoter, who received half of the two million shares.[2] As a result, McAfee caused Verdisys, essentially a start-up company, to not disclose that it had issued one million shares and incurred a compensation expense of $500,000, to retain the promoter, before it could claim significant assets, revenues or business operations.

8. Verdisys delayed the filing of its quarterly report for the quarter ended September 30, 2003 (the "3Q Form 10-QSB"), after its auditor raised revenue recognition issues concerning a material $1.5 million receivable related to the company's largest drilling contract. While the filing was in abeyance, McAfee caused Verdisys to issue an earnings release predicting the company would soon report record earnings.

9. On November 19, 2003, Verdisys filed a Form 10-QSB which reported that Verdisys had earned total current period revenues of $2.09 million, including a $1.5 million receivable. The 3Q Form 10-QSB did not disclose that McAfee's attempts to confirm recognition of the $1.5 million receivable involved a buy-out agreement, by which Verdisys would assume substantial liabilities and forego collecting upon the $1.5 million receivable to purchase the drilling project from which the receivable arose.

---

[2] McAfee beneficially received 230,000 restricted shares, and the other shareholders of the software corporation received the remaining 770,000 shares.

10. On December 3, 2003, after the auditor completed his review, Verdisys filed an amended 3Q Form 10-QSB. Verdisys still claimed approximately $2 million in revenues, but, as its auditor advised, it classified only the $500,000 actually paid as current period revenues. The remaining $1.5 million supposedly owed upon the receivable was re-classified as deferred revenues, because of collection and contract contingency issues.[3]

## FIRST CLAIM
### Aiding and Abetting Violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] Thereunder

11. Plaintiff Commission repeats and incorporates paragraphs 1 through 10 of this Complaint by reference as if set forth verbatim.

12. As described above, Verdisys, directly and indirectly, in connection with the purchase and sale of securities, and by use of the means and instrumentalities of interstate commerce and of the mails, made material misstatements, and omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and

13. By reason of his foregoing acts and practices, Defendant knowingly or recklessly aided and abetted the violations described above by Verdisys of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

---

[3] Verdisys later determined it could not substantiate the delivery of any drilling services in the second and third quarters of 2003, and made disclosures and quarterly restatements that eliminated all unearned revenues, including the $1.5 million in deferred revenues.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

### **I.**

Enter a Final Judgment ordering McAfee to pay a civil money penalty pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]; and

### **II.**

Grant such other relief as this Court may deem just or appropriate.

### **III.**

Retain jurisdiction over this action in order to implement and carry out the terms of all orders and decrees that may hereby be entered, or to entertain any suitable application or motion by the Commission for additional relief within the jurisdiction of this Court.

Respectfully submitted,

/s Jeffrey B. Norris
JEFFREY B. NORRIS
District of Columbia Bar No. 424258
S.D. Texas Bar No. 23166
Attorney-in-Charge

SECURITIES & EXCHANGE COMMISSION
Burnett Plaza, Suite 1900
801 Cherry Street, Unit #18
Fort Worth, TX  76102-6882
Telephone:  (817) 978-3821/-6452
Facsimile:   (817) 978-4927

Of Counsel:
ROBERT C. HANNAN
Texas Bar No. 08924700
JOHN C. MARTIN
District of Columbia Bar No. 443435
SECURITIES AND EXCHANGE COMMISSION
Fort Worth District Office
Burnett Plaza, Suite 1900, 801 Cherry Street, Unit #18
Fort Worth, TX 76102-6882